# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

Andrew G. Finkelstein, P.C. (NY & NJ) *    George A. Kohl, II (NY & MA)    Elizabeth A. Wolff (NY & MA)    Antonio S. Grillo (NY & NJ)    Robin D. D'Amore (NY)
D. Greg Blankinship (NY & NJ)    Andrew L. Spitz (NY)    Robert E. Borrero (NY)    Narine Galoyan (NY)    Nicole Murphy (NY)
Jeremiah Frei-Pearson (NY)    Elyssa M. Fried-DeRosa (NY)    Christine Khalili-Borna Clemens (NY & CA)    Jonathan Minkove (NJ & MD)    Rodrigo Arcuri (NY)
Todd S. Garber (NY & CT)    James W. Shuttleworth, III (NY)    Brian D. Acard (NY)    Crystal Dozier (NY & NJ)    Kevin D. Burgess (NY)
                                David E. Gross (NY & NJ) *    Vincent J. Pastore ( NY & NJ )    Vincent J. Rossillo (NY)    Warren C. George (NY)
Bradley Silverman    Mary Ellen Wright, R.N. (NY) *    Amber L. Camio (NY)    Pamela Thomas (NY & CT)    Sarah Vulcano (NY)
Antonino B. Roman (NY)    Kenneth B. Fromson (NY, NJ & PA) *    Christopher R. Camastro (NY & NJ)    Donald A. Crouch (NY & NJ)    Krista Rose (NY & NJ)
Andrew C. White (NY)    Nancy Y. Morgan (NY, NJ & PA)    Cynthia M. Maurer (NY & NJ)    Karen O'Brien (NY)    Yola Ghaleb (NY)
John Sardesai-Grant (NY)    Lawrence D. Lissauer (NY)    Michael Feldman (NY & NJ) *    David Stauber (NY)    Marvin Anderman, P.C. (NY)
Chantal Khalil (NY)    Victoria Lieb Lightcap (NY & MA)    Raye D. Futerfas (NJ)    Jennifer Safier (NY & NJ)    Frank R. Massaro (NY)
Of Counsel    Ann R. Johnson (NY & CT)    Linda Armatti-Epstein (NY)    Thomas P. Welch (NY)    Kenneth G. Bartlett (CT & NJ)
Duncan W. Clark (NY)    Marshall P. Richer (NY)    David Akerib (NY)    Annie Ma (NY & NJ)
George M. Levy (NY)    Edward M. Steves (NY)    Frances M. Bova, R.N. (NY & NJ)    Howard S. Lipman (NY)
Robert J. Camera (NY & NJ)    Kara L. Campbell (NY & CT)    Gustavo W. Alzugaray (NY)    Noreen Tuller, R.N. (NY)
Joseph P. Rones (NY)    Marie M. DuSault (NY)    Sharon A. Scanlan (NY & CT)    Cristina L. Dulay (NY & NJ)
Ronald Rosenkranz (NY) *    Melody A. Gregory (NY & CT)    Marc S. Becker (NY)    Justin M. Cinnamon (NY & CT)    * The Neurolaw Trial Group

August 14, 2017

**BY ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:   ***Claridge et al. v. North American Power & Gas, LLC,***
           **Case No. 15-cv-1261**

Dear Judge Castel:

    We are Class Counsel to the certified New York class in the above-referenced matter.[1]
Class Counsel respectfully submit this letter in opposition to the August 8, 2017 pre-motion letter
seeking leave to file a motion to intervene pursuant to R. Civ. P. 24 faxed to Chamber by the

---

[1] The undersigned are also Interim Lead Counsel for the putative Rhode Island and New Jersey
classes in *Tully v. N. Am. Power & Gas, LLC*, No. 3:15-cv-469 (D. CT) and *Fritz v. N. Am. Power
& Gas, LLC*, No. 3:14-cv-634 (D. CT), and we represent the plaintiff in *Zahn v. N. Am. Power &
Gas, LLC*, No. 1:14-cv-8370 (N.D. IL) (collectively referred to as "the Actions"). Both *Tully* and
*Fritz* were filed **before** the *Edwards* action.

{00286529  }    Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley •
Syracuse • White Plains    Phone: (914) 298-3281 Fax: (914) 824-1561  www.fbfglaw.com

1279 ROUTE 300, P.O. BOX 1111    445 HAMILTON AVE., SUITE 605
NEWBURGH, NY 12551    WHITE PLAINS, NY  10601

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 2

plaintiffs in *Edwards v. N. Am. Power & Gas, LLC*, No. 14-cv-1724 (D. Conn.).[2]

The Court should not allow the *Edwards* plaintiffs to intervene for the purpose of disrupting the proposed Settlement of these class actions. The *Edwards* plaintiffs are simply absent class members in the proposed Settlement class as there is no certified class in *Edwards*. Their interests are amply protected by Class Counsel, and if they disagree, they can opt out and pursue their individual claims however they see fit.

The *Edwards* plaintiffs' request to intervene should be denied as they have no right to intervene on behalf of a putative but uncertified class. As the Ninth Circuit held, "[t]here is no class action rule, statute or case that allows a putative class plaintiff . . . to exercise class rights *en masse*, either by making a class-wide objection or by attempting to effect a group-wide exclusion from an existing class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) (citation omitted). "Indeed, to do so would infringe on individual class members who have the right to intelligently and individually choose whether to continue in a suit as class members." *Id.*

The Federal Rules of Civil Procedure establish two distinct paths for the *Edwards* plaintiffs: either they opt-out of the Settlement and pursue whatever remedies they may appropriately bring against Defendant, or they remain in the Settlement Class and if they choose they may object to the terms of the Settlement in due course. The *Edwards* plaintiffs' interests cannot be impaired by a settlement in which they have the unfettered right not to take part. Moreover, any arguments that the *Edwards* plaintiffs want to make regarding this Settlement can and should be made without holding up the speedy disposition of this case.

The *Edwards* plaintiffs proposed intervention and subsequent discovery efforts would severely prejudice the proposed Settlement Class whose claims have been litigated contentiously for more than three years. As the Court is aware, the efforts that ultimately resulted in this Settlement were extensive. This included motions to dismiss, the production and review of hundreds of thousands of documents and extensive electronic databases, fact depositions, expert discovery including depositions, class certification motions, pre-motion *Daubert* and summary judgment letters, and significant appellate practice.[3]

The proposed Settlement provides outstanding relief to the Settlement Class, which the

---

[2] The *Edwards'* plaintiffs' faxed their letter to Chambers as opposed to filing it on ECF. Attached hereto as Exhibit 1 for the Court's convenience is a copy of the *Edwards* plaintiffs' August 8, 2017 letter.

[3] A more detailed explanation of the procedural history of the Actions is set forth in Plaintiffs' Memorandum of Law in Support of Preliminary Approval. ECF No. 109, pgs. 3-8.

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 3

*Edwards* plaintiffs should not be permitted to jeopardize.  Because any motion to intervene is futile, the request for leave to file such a motion should be denied.

**A.      The *Edwards* Plaintiffs Do Not Meet The Standard For Intervention.**

The *Edwards* plaintiffs' request is bereft of any case law that supports intervention.  They cite only *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011).  However, the *Davis* court denied the motion to intervene for the same reasons this Court should reject intervention here, namely that the *Edwards* plaintiffs can opt out of, or object to, the Settlement and because there is no hint of collusion between Class Counsel and Defendant:

> The Second Circuit has noted on several occasions that jeopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit.  In addition, there is a presumption that class members' interests are adequately represented by the settling plaintiffs and their counsel, and the burden is on the proposed intervenors to rebut that presumption.  The proposed intervenors in the case at bar have not overcome that presumption.  In addition, to the extent that they seek discovery, such requests are generally looked upon with disfavor, absent some evidence of collusion in the settlement negotiations, because of the potential for undermining the settlement process.
>
> That is not to say, of course, that such discovery is never warranted, or that the presumption cannot be overcome. *See, e.g., Community Bank,* 418 F.3d at 315 (remanding case to district court for "closer scrutiny" of proposed settlement, where record showed that class counsel failed to assert what appeared to be facially viable claims, conducted no formal discovery, and negotiated an extremely generous fee).  In the case at bar, however, the proposed intervenors have offered virtually no factual basis in support of their assertions that their interests are not adequately represented by plaintiffs in the case at bar. Furthermore, as stated, any class members who believe that their interests will not be fully protected by the proposed settlement will have the opportunity to opt out of the settlement and pursue their own separate claims.

*Id*. at 607 (some citations omitted).  The *Edwards* plaintiffs are right to cite to *Davis* as persuasive. *See also D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir.2001) ("Because of this jeopardy to the settlement, the district court did not abuse its discretion when it concluded that the prejudice to the existing parties outweighs any prejudice to appellant and denied appellant's motion to intervene"); *In re Holocaust Victim Assets Litigation,* 225 F.3d 191, 198 (2d Cir.2000) ("We have affirmed a denial of a motion to intervene where granting intervention would have jeopardized a settlement.") (citations omitted).

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 4

In the absence of an express statutory right to intervene (which the *Edwards* plaintiffs do not assert), intervention as of right pursuant to Fed. R. Civ. P. 24(a) is permitted only upon a showing, (1) that the motion is timely filed; (2) that the proposed intervenor has an interest in the litigation; (3) that the interest may be impaired by the disposition of the litigation; and (4) that the interest is not adequately protected by the existing parties. *D'Amato*, 236 F.3d at 84. "Denial of the motion to intervene is proper if any of these requirements is not met." *Id*. Here, each factor militates in favor of denying the *Edwards* plaintiffs' request for leave to file a motion to intervene.

1.    The *Edwards* Plaintiffs' Request
       Is Not Timely And Would Prejudice The Class.

While untimely for purposes of intervention pursuant to Fed. R. Civ. P. 24, the *Edwards* plaintiffs' request has been timed perfectly to delay, obstruct and -- if granted -- frustrate and possibly unravel the existing parties' Settlement Agreement, which took years of negotiations and the assistance of two experienced mediators to achieve.

This Court has broad discretion in assessing the timeliness of a motion to intervene, which "defies precise definition." *United States v. Pitney Bowes, Inc*., 25 F.3d 66, 70 (2d Cir. 1994). Generally, a court's analysis must take into consideration the totality of the circumstances. *See, e.g., Farmland Dairies v. Commissioner of the New York State Dep't of Agric. & Mkts*., 847 F.2d 1038, 1044 (2d Cir. 1988) (affirming denial of motion to intervene as untimely where "if Appellants were permitted to intervene at this late date, there is no question that the settlement concluded by Farmland and the State would be jeopardized."). Nevertheless, in assessing the timeliness of a motion to intervene, courts consider, *inter alia*: (1) how long the applicant had notice of its interest in the action before making its decision; (2) the prejudice to the existing parties resulting from this delay; and (3) the prejudice to the applicant resulting from a denial of the motion. *In re Holocaust Victim Assets Litigation*, 225 F.3d 191, 198-199 (2d Cir. 2000).

In *D'Amato*, a putative class member sought to intervene to join two new defendants three days prior to the fairness hearing scheduled by the district court. The complaint had been filed a year earlier and the notice given to class members three months previously. The district court concluded that appellant, who claimed to have spent a substantial amount of time on the litigation, had notice of his interest in the action well before he filed his intervention motion and that he failed to establish that his motion was timely. *D'Amato*, 236 F.3d at 84. The district court denied the proposed intervenor's motion, and the Second Circuit affirmed on the grounds that the motion was not timely. *Id*.

In this case, counsel for the *Edwards* plaintiffs have been aware since at the latest November 17, 2015, when advised in a telephone call, that the parties in the Actions were having settlement discussions to resolve claims on behalf of Defendants' customers in all states,

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 5

including those at issue in *Edwards*.  Since that initial telephone call, additional communications with counsel for the *Edwards* plaintiffs took place wherein Class Counsel reiterated that they were in the process of negotiating a settlement that would include Connecticut and New Hampshire customers.  Despite that knowledge, the *Edwards* plaintiffs decided to wait **more than twenty months** -- after a Settlement Agreement had been executed, and after Plaintiffs have moved for preliminary approval of the Settlement -- to seek leave to intervene.  Where a proposed intervenor unreasonably delays, an intervention is untimely.  *See United States v. Jefferson Cty.*, 720 F.2d 1511, 1516 (11th Cir. 1983) (finding motion to intervene for purposes of opposing proposed class action settlements untimely where intervenors "knew at an early stage in the proceedings that their rights could be adversely affected.").

The *Edwards* plaintiffs have failed to provide any justification for this extreme delay.  By seeking leave to file a motion to intervene at this late stage, the *Edwards* plaintiffs undoubtedly would cause severe prejudice to the parties in this action and  absent class members. *Id*. at 1517 ("The court's grant of their motion to intervene would plainly have prejudiced the existing parties, since it would have nullified these negotiations with the Board and allowed a pattern of past discriminatory practices to continue.").

### 2.     The *Edwards* Plaintiffs' Interests Will Not Be Impaired Absent Intervention.

Intervention requires that "intervenors demonstrate that, absent intervention, the disposition of the action may, as a practical matter, impede or impair their interests." *Great Atlantic & Pacific Tea Co., Inc. v. Town of East Hampton*, 178 F.R.D. 39, 42 (E.D.N.Y. 1998). "Impairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceedings."  *Id*. (citations omitted).

None of *Edwards* plaintiffs' rights will be impaired if the Court denies their request for leave to move to intervene.  The *Edwards* plaintiffs will have the right, like every other absent class member, to opt-out of the Settlement and prosecute their own claims, or object to the approval of the Settlement.  *See Calibuso v. Bank of Am. Corp.*, No. 10-1413, 2013 WL 5532631, at *2 (E.D.N.Y. Oct. 4, 2013) (denying motion to intervene to be heard on preliminary approval because proposed intervenors "will have an opportunity, vis-à-vis the settlement process, to object to the Settlement, if she stays in this action, or simply opt out and reject the Settlement altogether."); *Thompson v. Metro. Life Ins. Co.,* 216 F.R.D. 55, 71 (S.D.N.Y. 2003) (denying motion to intervene where class member  applicants had  presented  their objections at the  fairness hearing, noting "[w]here class members' differences of opinion with class counsel on a negotiated settlement can be adequately addressed through the Court's consideration of the objections, intervention is unnecessary and unwarranted.").

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 6

Therefore, the *Edwards* plaintiffs do not meet the third requirement for intervention because they cannot show that "the action may as a practical matter impair or impede [their] ability to protect [their] interest." *Great Atlantic & Pacific Tea Co., Inc.*, 178 F.R.D. at 42.

### 3.    The *Edwards* Plaintiffs' Interests Are Adequately Protected

Another prerequisite for intervention is a showing that the *Edwards* plaintiffs' interests are not being adequately represented by Plaintiffs and Class Counsel. *D'Amato*, 236 F.3d at 84; *see also Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996) ("A party cannot intervene as of right if another party in the litigation adequately represents its interests. There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of Class Members.") (emphasis added); *Nasdaq*, 187 F.R.D. at 491 ("Presumptively, Class Members are adequately represented by their existing Class representatives).

Here, the *Edwards* plaintiffs' do not contend that Class Counsel does not adequately represent their interests; nor do they assert collusion, malfeasance or that the case was not properly litigated. Indeed, the *Edwards* plaintiffs do not assert **any** interest in the litigation that is adverse or different from those asserted by the Plaintiffs. Instead, the *Edwards* plaintiffs merely complain that the Settlement is not structured in the manner that they prefer. Such complaints, however, are not a basis for intervention. *See Jenkins*, 78 F.3d at 1275 ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation."); *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) ("[P]utative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action"); *Nasdaq*, 187 F.R.D. at 491; *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 987 (2d Cir. 1984) ("[I]ntervention . . . is to be narrowly limited and requires a particularly strong showing of inadequate representation by the applicant for intervention.").

A request for discovery is particularly inappropriate. *Vollmer v. Publishers Clearing House & Campus Subscriptions, Inc.*, 248 F.3d 698 (7th Cir. 2001) is instructive. In that case, the Seventh Circuit affirmed a district court's denial of a motion to intervene by a class member in connection with a class action settlement because the purpose of the motion to intervene was for "obtaining discovery of the settlement negotiations." *Id.* at 708. The *Edwards* plaintiffs similarly indicate that they intend to seek discovery regarding the Settlement. However, in *Vollmer*, the Seventh Circuit held that allowing discovery by potential intervenors regarding settlement discussions in a class action "is difficult . . . because of the potential for undermining the settlement process." *Id.* The Court of Appeals went on to hold that such discovery should only be permitted "where 'the party seeking it lays a foundation by adducing evidence from other sources indicating that the settlement may be collusive.'" *Id.* The Seventh

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 7

Circuit affirmed the district court's denial of the motion to intervene because there was no evidence of collusion between the named plaintiffs and the defendants. *Id.* at 708-09.

The burden is on the *Edwards* plaintiffs to rebut the presumption of adequate representation and they failed to do so. *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179-180 (2d Cir. 2001).

**4.      Permissive Intervention Is Not Warranted**

Upon timely application, permissive intervention "may" be allowed in the exercise of the court's discretion when the "applicant's claim and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). However, the Rule explicitly instructs courts in exercising their discretion under Rule 24(b) to consider whether the intervention will unduly delay or prejudice the rights of the original parties. *Washington Elec.*, 922 F.2d at 98 (permissive intervention denied where it would "unduly complicate and further delay the litigation"); *Presidential Life Inc. Co. v. Milken*, 946 F. Supp. 267, 277 (S.D.N.Y. 1996) (denying motion to intervene; intervention would prejudice settling parties by exposing them to litigation risks and would delay distribution and increase costs for plaintiffs).

As discussed above, the Court should exercise its discretion and deny intervention because the Class would be prejudiced by delay at this stage of the proceedings and to avoid derailing an excellent settlement that is the product of two years of negotiations.

**B.      Plaintiffs Have Standing To Represent The Settlement Class.**

The *Edwards'* plaintiffs suggest that this Court cannot certify a settlement class that includes New Hampshire and Connecticut NAPG customers because none of the settling Plaintiffs reside there. In other words, the *Edwards'* plaintiffs contend that there can never be a global class action settlement unless there are named plaintiffs from all 50 states. Not surprisingly, the *Edwards* plaintiffs cite no authority for this proposition. Nor can they, as decisions certifying global settlement classes are legion, even when the settlement class includes members from states in which putative classes are pending.

As explained in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827, 2011 WL 13152270, at *6 (N.D. Cal. Aug. 24, 2011), "other circuits have noted the necessity of permitting releases that exceed the scope of claims actually asserted and thereby bringing some certainty to defendants that their liability is extinguished . . . Thus, standing to make a settlement broader than the actual claims asserted is essential to the possibility of achieving settlement, and is generally acknowledged by courts around the country." *Id.* at *6 (quoting *Wal-Mart Stores, Inc. v. Visa*

{00286529 }                                          7

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 8

*U.S.A., Inc., 396 F.3d 96, 106 (2d Cir. 2005)* ("Practically speaking, [c]lass action settlements simply will not occur if parties cannot put limits on defendant's liability."). *See also Brown v. Wells Fargo Bank, N.A.*, 25 F. Supp. 3d 144, 151 (D.D.C. 2014) (holding that "to deny a nationwide class action settlement the ability to release related state law claims, even on behalf of those class members not residing in the states with a named plaintiff, could undermine the efficiency of class actions . . . federal policy favors class actions and settlements which resolve issues with as few separate actions as practicable."); *Dupler v. Costco Wholesale Corp.*, 705 F.Supp.2d 231 (E.D. New York. 2010) (approving nationwide settlement where "before the parties agreed to the nationwide Settlement, this Court had certified only a class of New York customers.  The nationwide class that would receive benefits under the Settlement has been certified only as a 'Settlement Class.'").

## C. The Edwards Plaintiffs' Complaints About The Settlement Allocation Are Misguided.

Plaintiffs have submitted a Settlement that would compensate Settlement Class Members two-dollars for every month that they were a customer of Defendant.  This distribution plan is consistent with the general proposition that the longer a class member was a customer of NAPG, the more damages sustained.  This distribution plan -- recommended by the counsel who have litigated the Actions for over three years -- easily has "a reasonable, rational basis," and the *Edwards* plaintiffs should not be permitted to hold up the distribution of settlement proceeds to the many class members eager to receive them.  *See In re Initial Pub. Offerings Sec. Litig.*, 671 F. Supp. 2d 467, 497 (S.D.N.Y. 2009) ("A Plan of Allocation has been recommended by plaintiffs' counsel, a group of competent and qualified counsel.  As such, [the Court] need only review the plan to confirm that it has a reasonable, rational basis."); *see also In re AOL Time Warner, Inc., Sec. & "Erisa" Litig.*, No. 02-5575, 2008 WL 2941219, at *4 (S.D.N.Y. July 30, 2008) (to overcome objections, "[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel") (citations and internal quotes omitted and alteration in original).

No damages model or distribution plan in a case where damages are this complex could ever be perfect, particularly in the context of a settlement.  *See In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 133 (S.D.N.Y. 1997) (holding that "it is obvious that in the case of a large class action the apportionment of a settlement can never be tailored to the rights of each plaintiff with mathematical precision").  The only question, at this stage, is whether the plan "has a reasonable, rational basis," *Initial Pub. Offerings Sec. Litig.*, 671 F. Supp. 2d at 497, a test this plan easily passes**.  In fact, the Hon. Vincent L. Bricetti, U.S.D.J. recently approved an identical per-month distribution plan in *In re HIKO Energy LLC Litigation*, No. 14-cv-1771,**

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 9

**(S.D.N.Y May 9, 2016) at Doc. No. 93.**

The straightforward distribution plan in the proposed Settlement is vastly preferable to the overly complex and costly alternative the *Edwards* plaintiffs appear to propose. *See In re IMAX Sec. Litig.*, 283 F.R.D. 178, 192-93 (S.D.N.Y. 2012) (rejecting objection which "criticizes the plan of allocation because it assigns a uniform inflation value" because in the context of settlement approval, the rationale for allocation "need not overwhelm . . . all competing theories of damages" but instead "need only be reasonable and rational"); *In re Veeco Instruments Inc. Sec. Litig.,* 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("The Plan of Allocation fairly, equitably, and adequately allocate the proceeds of the settlement among the class members who submit valid claims, with a minimum of complication, ensuring efficiency in claims administration.").[4]

*           *           *

The *Edwards* plaintiffs can never demonstrate all the prerequisites for intervention and therefore any such motion would be futile.  Accordingly, the *Edwards* plaintiffs' request for leave to file a motion to intervene should be denied.

Respectfully submitted,

*/s/ D. Greg Blankinship*
D. Greg Blankinship

---

[4]  Without citation to authority, the *Edwards* plaintiffs contend that the settlement is undervalued because class members have to make a claim to receive an award.  However, it is black letter law in the Second Circuit that the valuation of a settlement is based on the amount made available to the class, not the amount that is actually claimed.  *See Zink v. First Niagara Bank, N.A.*, No. 13-01076, 2016 WL 7473278, at *7 (W.D.N.Y. Dec. 29, 2016) (approving settlement and holding that "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class . . . whether claimed or not.") (citing *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007)).

Hon. P. Kevin Castel, U.S.D.J.
August 14, 2017
Page 10


cc:  All Counsel (by ECF)