UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIE CLARIDGE and HELEN MARSH,

                    Plaintiffs,                    15-cv-1261 (PKC)

        -against-                      MEMORANDUM
                                                                 AND ORDER

NORTH AMERICAN POWER & GAS, LLC,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The complaint in this action was brought on behalf of a class of "thousands of New York consumers" who were overcharged for electricity by defendant North American Power & Gas, LLC ("North American"). (Compl. ¶ 1; Doc 1.) The ratepayers were alleged to have entered into a "New York Electricity Sales Agreement." (Id. ¶ 19.) The Court certified a class of New York consumers who paid a variable monthly rate for electricity that they purchased from North American. Among other conclusions, the Court determined that New York ratepayers Julie Claridge and Helen Marsh were adequate class representatives and that their claims, including claims of deceptive trade practices in violation of New York General Business Law sections 349 and 349-d, were typical of other class members. The action was brought under the Class Action Fairness Act, and no claims other than claims under New York law were asserted. 28 U.S.C. § 1332(d).

        Ms. Claridge and Ms. Marsh, through their counsel, now present a proposed settlement for preliminary approval. The threshold is low for preliminary approval of a class action settlement. It requires a preliminary determination of the fairness, reasonableness and

adequacy of the settlement. Manual on Complex Litigation § 21.632 (4th ed. 2004). The Court concludes that the settlement does not pass this low threshold.

The proposed settlement dramatically expands the class definition from a New York-only class to a class that includes all ratepayers across the nation who, after February 20, 2012, had a contract for variable-rate electric or gas service for more than 28 days. (Settlement Agreement ¶ 2.1; Doc. 110-1 at 7.) At no time has Ms. Claridge or Ms. Marsh sought to expand the definition of the class or amend the claims in their complaint to include non-New Yorkers or purchasers of natural gas.

Presently pending in the United States District Court for the District of Connecticut is a putative class action against North American brought by Connecticut and New Hampshire ratepayers who are represented by a different set of lawyers. Edwards v. North American Power, 14 cv 1724 (VAB) (D. Conn). The Edwards action was filed on November 14, 2014, prior to the institution of this action. The lawyers who represent Ms. Claridge and Ms. Marsh are also counsel in a putative class actions brought on behalf of New Jersey, Rhode Island and Illinois ratepayers. Aug. 14, 2017, Blankinship Ltr. at 1; Doc. 113; Fritz v. North American, 14 cv 634 (WWE) (D. Conn.) (N.J. and R.I. ratepayers); Zahn v. North American, 14 cv 8370 (N.D. Ill.) (Illinois ratepayers). There is no information before the Court that would allow it to assess whether ratepayers in states other than New York, Connecticut, New Hampshire, New Jersey, Rhode Island and Illinois have potentially valid claims.

There has been no adequate showing of typicality and commonality of the claims and defenses of New York electric ratepayers with ratepayers, both gas and electric, in states other than New York. The Court is aware that in the action pending in the North District of Illinois, the argument was advanced that a state agency had primary jurisdiction over ratepayers'

claims, and that assertion was only resolved in the plaintiff's favor after a question was certified by the Seventh Circuit to the Illinois Supreme Court. The issue has been resolved for Illinois ratepayers, but it is an example of the type of state-specific issues that may lurk in the settlement of this nationwide class that have never been pled in any complaint in any action.

Also, the proposed settlement would require scrutiny of whether the settlement was infected by a reverse auction with the Edwards plaintiff. Counsel for the Edwards plaintiff report that they were actively engaged in a mediation of the claims of Connecticut and New Hampshire ratepayers at or about the time of the mediation with counsel in the instant action. (Aug. 8, 2017 Izrad Ltr., Doc 113-1 at 2.) They claim that negotiations broke off because of their insistence upon certain protections that would benefit the class. (Id.)

North American has now moved for a stay of the Edwards action pending approval of the settlement present to this Court. (Id. at 4.) To gloss over the preliminary approval stage but then later conclude that Ms. Claridge and Ms. Marsh are not adequate class representatives of electric and gas ratepayers from other states and that their claims are not typical of these other ratepayers' claims would severely prejudice the Edwards putative class members because of the likely delay during the failed approval process.

Of course, if the settlement were preliminarily approved, any dissatisfied class member could object or opt out of the Rule 23(b)(3), Fed. R. Civ. P., class. But lest counsel in the Edwards action endeavor to exclude their putative class from the settlement, the Settlement Agreement expressly provides that "No Class Member, or any person acting on behalf of . . . that Class Member, may exclude any other Class Member from the Settlement Class." (Settlement Agreement, ¶ 9.1; Doc 110-1 at 20.) Also, a ratepayer resident in a state where no action has been brought would place himself in a precarious situation by opting out. Because there is no

action pending on their behalf, they would not get the benefit of American Pipe tolling and thus if they opted out to pursue a separate claim, it may be met, depending upon the jurisdiction, with a meritorious statute of limitations defense. American Pipe & Construction Co. Utah, 414 U.S. 538 (1974).

The Court is mindful of the efficiencies of a joint or consolidated settlement hearing of claims that have some significant similarities, even though they may have state-to-state variances. Counsel in Fritz and Zahn, who also represent the class in this action, are free to seek a conditional transfer of those actions to this Court for the limited purpose of Rule 23(e), Fed. R. Civ. P., settlement proceedings. Manual on Complex Litigation § 21.42; 28 U.S.C. § 1404(a). That option is also open to the Edwards plaintiffs.

The motion for preliminary approval of the class action settlement (Doc. 108) is DENIED. The application of the Edwards plaintiff to intervene in this action (Doc 113-1) is DENIED as moot.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 23, 2017