Case 7:15-cv-01261-PKC Document 138-5 Filed 03/02/18 Page 2 of 9

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 3/13/2018

JULIE CLARIDGE and HELEN MARSH, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NORTH AMERICAN POWER & GAS, LLC,

Defendant.

Civil Action

Case No: 15-cv-1261

**[~~PROPOSED~~] ORDER APPROVING PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement. Having reviewed the Motion, the Settlement Agreement, the Declarations D. Greg Blankinship, Matthew R. Mendelsohn, and Matthew D. Schelkopf, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Preliminary Approval of Settlement Agreement**

1. The Court finds for the purposes of preliminary approval, that the proposed settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interest of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel. The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2. The Court conditionally certifies, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), a Settlement Class defined as:

> All persons who at any time from February 20, 2012 to June 5, 2017 were customers of NAPG and paid NAPG variable rates for electricity in New York.

Excluded from the Settlement Class are: North American Power & Gas, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of North American Power & Gas, LLC; any person enrolled in a NAPG affinity program; any person who has previously released claims that will be released by this Settlement; and federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and the judge to whom the Action is assigned and any member of his immediate family.

3. Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

a. the Class is so numerous that joinder of all members is impracticable;

b. there are questions of law or fact common to the Class;

c. the claims of the named Plaintiffs are typical of the claims of the Class;

d. the named Plaintiffs will fairly and adequately protect the interests of the Class;

e. questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Case 7:15-cv-01261-PKC Document 138-5 Filed 03/02/18 Page 4 of 9

4. The Court appoints Plaintiffs Julie Claridge and Helen Marsh as Representatives of the Settlement Class.

5. The Court appoints D. Greg Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC, and Matthew D. Schelkopf of McCune Wright Arevalo LLP to act as Class Counsel to the Settlement Class.

6. The Court approves, as to form and content, the Short Form Notice and Long Form Notice attached as Exhibits 1 and 2, respectively, to the Settlement Agreement, and finds that the distribution of the Settlement Notice substantially in accordance with Section VIII of the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure No. 23(c) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

**Notice To Potential Class Members**

7. The Court approves the form and content of the proposed Short Form Notice (attached hereto as Exhibit 1) and Long Form Notice (attached hereto as Exhibit 2) (collectively, "Class Notice") and approves the Parties' proposal to distribute the Short Form Notice by U.S. Mail and the Long Form Notice via the Internet, as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

8. The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion from the Settlement Class, or objecting to the Settlement, submitting papers in connection with Final Approval, and the Final Approval Hearing, as follows:

| | |
|---|---|
| Within 21 days after entry of Order Preliminarily Approving the Settlement | Defendant shall provide names and addresses of Settlement Class Members to the Settlement Administrator. |
| Within 30 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall mail the Short Form Notice to all Settlement Class Members. |
| Within 30 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall cause the Settlement Agreement, this Order, and a copy of the Long Form Notice to be posted on the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice. |
| Upon mailing of Class Notice | Claim Period begins. |
| 45 days after mailing of Class Notice | Plaintiffs shall file a motion for final approval of settlement, and an application for the award of attorneys' fees, costs, and enhancement awards for named plaintiffs. The Settlement Administrator shall cause any such motions to be posted on the Settlement website. |
| 60 days after mailing of Class Notice | Deadline for Settlement Class Members to submit Valid Claims.<br><br>Opt-Out Date: Deadline for Settlement Class Members to opt-out of Settlement.<br><br>Objection Date: Deadline for Settlement Class Members to object to terms of Settlement and to advise the parties and the Court of intent to appear at Final Approval Hearing. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel with affidavit of mailing of Short Form Notice. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel a list of all Class members who returned a timely request to opt-out of the Settlement (as described in the Class Notice). |
| At least 21 days prior to Final Approval Hearing Class Notice | Class Counsel shall serve and file an affidavit of the Settlement Administrator declaring compliance with the notice provisions of this Order and CAFA notice requirements. |
| At least 7 days prior to the Final Approval Hearing | Plaintiff shall file responses to any objections. |
| 90 days after Defendant serves notice required under 28 U.S.C. § 1715(b) | Earliest date for entry of order finally approving Settlement Agreement. |

**Claims Administration**

9. The Court approves Heffler Claims Group as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

Case 7:15-cv-01261-PKC Document 138-5 Filed 03/02/18 Page 6 of 9

10. Any Settlement Class Member may request to be excluded (or "opt-out") from the Class. A Settlement Class Member who wishes to opt-out of the Class must give written notice to the Settlement Administrator, Class Counsel, and counsel for NAPG by the Opt-Out Deadline. Opt-Out requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/We request to Opt-Out from the settlement in the NAPG Action." Requests for Exclusion that are not timely will be considered invalid and of no effect, and the Person who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court, including the Final Approval Order and the Releases contemplated thereby. Except for those Persons who have properly and timely submitted Requests for Exclusion, all Settlement Class Members will be bound by the Settlement Agreement and the Final Approval Order, including the Releases, regardless of whether they file a Claim or receive any monetary relief. Any Person who timely and properly submits a Request for Exclusion shall not: (a) be bound by any orders or the Final Approval Order nor by the Releases contained therein; (b) be entitled to any relief under the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement. Each Person requesting exclusion from the Class must personally sign his or her own individual Request for Exclusion. No Person may opt-out of the Class for any other Person, or be opted-out by any other Person, and no Person shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.

11. Any Settlement Class Member who intends to object to the Settlement must do so by the Objection Deadline. In order to object, the Settlement Class Member must file with the Court prior to the Objection Deadline, and provide a copy to Class Counsel and Defendant's

Case 7:15-cv-01261-PKC Document 138-5 Filed 03/02/18 Page 7 of 9

Counsel, also prior to the Objection Deadline, a document that includes all of the following:

a. attaches documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Class Member;

b. includes a statement of such Class Member's specific Objection;

c. state the grounds for the Objection;

d. identify any documents such objector desires the Court to consider;

e. provide all information requested on the Claim Form; and,

f. provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years (if the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or it shall affirmatively so state in the Objection).

Any Settlement Class Member who fails to file and serve timely: (a) a written objection containing all of the information listed in items (a) through (f) of the previous paragraph; and, (b) notice of his/her intent to appear at the Final Approval Hearing pursuant to this paragraph, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

Upon the filing of an objection, Class Counsel and Defendant's Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for deposition or comply

with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**Fairness Hearing**

12. A Fairness Hearing is hereby scheduled to be held before the undersigned on June 26, 2018 at 4 ~~am~~/pm, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order and Judgment in the case, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Service Awards to named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

13. Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) filed with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation upon all counsel.

14. The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other

than which may be posted on the Court's Electronic Case Filing (ECF) system or the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice.

15. If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

**Miscellaneous Relief**

16. The Court hereby stays all proceedings in this Court other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.

17. Additionally, the Court hereby prohibits and/or enjoins any other person or counsel from representing or prosecuting any claims on behalf of this Class in any other Court.

Dated: 3-12, 2018
New York, New York

SO ORDERED:

Hon. P. Kevin Castel, U.S.D.J.